# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES RIVER INSURANCE COMPANY,**

    **Plaintiff,**

-vs-                                                                                   Case No. 6:10-cv-99-Orl-31GJK

**PARLIAMENT PARTNERS, INC.,
MICHAEL ERVIN, JR., and XAVIER
GOVAN ,**

    **Defendants.**

_____

## ORDER

This matter came before the Court without oral argument upon consideration of Plaintiff's, James River Insurance Company ("Plaintiff"), Motion for Default Judgment (the "Motion") (Doc. 16), U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation regarding same (Doc. 17), and Plaintiff's Objections thereto (Doc. 19).

Michael Ervin, Jr. and Xavier Govan (the "Third Parties") sued Defendant Parliament Partners, Inc. ("Parliament") in two related state court actions alleging, *inter alia*, that they were stabbed at Parliament's hotel and nightclub. (Doc. 1, ¶¶ 9-16). Plaintiff is Parliament's insurer. Pursuant to a Commercial General Liability ("CGL") policy that Plaintiff issued to Parliament, (Doc. 1-3), Plaintiff agreed to defend Parliament in the Third Parties' state court actions. (Doc. ¶ 20). In an effort to settle those claims, Plaintiff authorized Parliament to tender the limits of the CGL policy. (Doc. 1, ¶ 21). When the Third Parties rejected Parliament's settlement offer, Plaintiff brought the instant action for declaratory relief.

In its Complaint, Plaintiff asserts that it is entitled to a judgment declaring that it has no obligation to defend or indemnify Parliament beyond the policy limits in its CGL policy. (Doc. 1, ¶¶ 23-25). Plaintiff does not allege, however, that Parliament disputes the extent of Plaintiff's obligation to defend or indemnify Parliament under its CGL policy; only the Third Parties are alleged to dispute those obligations. (Doc. 1, ¶¶ 23-25). Plaintiff does not allege that it no longer has any obligation to defend or indemnify Parliament, that Parliament has refused to cooperate in its defense, or that Parliament has otherwise breached a term of the CGL policy that would relieve Plaintiff of any of its obligations under same. In short, there is no alleged dispute – anticipated or otherwise – between Plaintiff and Parliament under the CGL policy.

Consistent with the foregoing, Magistrate Judge Kelly concluded that Plaintiff failed to allege a case or controversy in its Complaint and recommended that the Court dismiss the case for lack of subject matter jurisdiction. (Doc. 17 at 5). Plaintiff objected, predicating its case or controversy on the fact that "defendants[1] contend that the assault and battery exclusion does not apply. . . ." (Doc. 19 at 3).

Upon thorough review of the Complaint and the entire file, Plaintiff's objections to the Report and Recommendation are overruled. The Third Parties simply have no legal interest in Plaintiff's CGL policy with Parliament. Whatever sum they may reject or demand in settlement negotiations with Parliament has no bearing on Plaintiff's obligations to Parliament under the policy. Absent some dispute between Plaintiff and Parliament, there is simply no Article III "case

---

[1]Plaintiff's use of the word "defendants" in its Objections is misleading. Although Defendants Michael Ervin, Jr. and Xavier Govan have allegedly disputed the applicability of the assault and battery exclusion in the CGL policy between Plaintiff and Parliament, (Doc. 1, ¶ 21), as noted, *supra*, Defendant Parliament has clearly not done so.

-2-

or controversy" before the Court. Alternatively, the Court declines to entertain Plaintiff's claim for declaratory relief as being too speculative. *See* 28 U.S.C. § 2201; *see also*, *e.g.*, *Angora Enters., Inc. v. Condo. Ass'n of Lakeside Vill.*, 796 F.2d 384, 387 (11th Cir. 1986) (observing that, in the exercise of their sound discretion, district courts may decline to entertain actions for declaratory relief). Accordingly, it is

**ORDERED** and **ADJUDGED** that:

1. The Report and Recommendation (Doc. 17) is **CONFIRMED** and **ADOPTED** as a part of this Order;

2. The Complaint (Doc. 1) is hereby **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(1); and

3. The Clerk of the Court is directed to terminate Plaintiff's Motion for Default Judgment (Doc. 16) and Motion to Extend Time for Service (Doc. 22); to strike the Clerk's Entry of Default at Doc. 15; and to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 20, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE